UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MABEL LOPEZ, individually and on behalf
of others similarly situated

    Plaintiff,

v.                                                 Case No:   2:15-cv-303-FtM-38MRM

MIKE SCOTT,

    Defendant.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause is before the Court on the following:

1) Motion to Strike Plaintiff's Class Action Allegations and Motion to Strike Notices of Consent to Joinder (Doc. 52) filed on May 16, 2016;

2) Memorandum in Opposition to Defendant's Motion to Strike Plaintiff's Class Action Allegations and Motion to Strike Notices of Consent to Joinder (Doc. 62) filed on April 15, 2016;

3) Notice of Filing Affidavit of Jack C. Morgan III (Doc. 60) filed on April 14, 2016;

4) Motion to Excuse Missed Deadline (Doc. 63) filed on April 15, 2016; and

5) Response in Opposition to Plaintiff's Motion to Excuse Missed Deadline (Doc. 64) filed on April 26, 2016.

These filings all concern whether the named Plaintiff, Mable Lopez, should be permitted to pursue class certification.   Therefore, the Court will consider these motions together.   These matters are now ripe for review.

I.      **Background**

On May 12, 2015, Plaintiff filed a Complaint (Doc. 1) that included class action allegations. (Doc. 1 ¶¶ 51-59). An Amended Complaint (Doc. 17) was filed on July 6, 2015, and a Second Amended Complaint (Doc. 28) was filed on September 17, 2016. Both of these complaints included class action allegations. (Doc. 17 at ¶¶ 35-44; Doc. 28 at ¶¶ 35-44). The Second Amended Complaint (Doc. 28) is now the operative complaint.

In 2004, the Lee County Sheriff's Office purchased more than 100 Python Series II radar devices ("Python II") to use as speed detecting devices under Fla. Stat. § 316.1905. (Doc. 28 at ¶ 18). The Lee County Sheriff's Office used the Python II devices from 2004 through 2015 to determine the speed of vehicles traveling within and through Lee County, Florida and to stop those vehicles that the officers determined were speeding. (Doc. 28 at ¶ 19). Plaintiff claims that the Python II devices were not approved for use by the Department of Highway Safety and Motor Vehicles ("DHSMV"), nor listed in the Florida Administrative Code. (Doc. 28 at ¶ 20). Plaintiff asserts that from 2004 through January 2015, Defendant violated Fla. Stat. § 316.1905 every time deputies used the Python II device to measure a vehicle's speed. (Doc. 28 at ¶ 22). Plaintiff contends that she and other class members were damaged due to the use of the Python II devices by the Lee County Sheriff's deputies. (Doc. 28 at ¶ 25). Lastly, Plaintiff claims that when Sheriff Scott became aware of the illegality of the Python II devices, he destroyed the purchase records of the Python II devices. (Doc. 28 at ¶ 34).

This action includes class action allegations. (Doc. 28 at ¶¶ 4, 35-44). The putative class definition is as follows: "All individuals that were stopped and unlawfully detained by the Lee County Sheriff's Department based upon their use of Python Series II Radar Devices."

(Doc. 28 at ¶ 4).   In Count I, Plaintiff alleges a violation of 42 U.S.C. § 1983 pursuant to the Fourth Amendment to the United States Constitution.   (Doc. 28 at ¶¶ 45-60).   In Count II, Plaintiff alleges a claim for false imprisonment and detention.   (Doc. 28 at ¶¶ 61-68).   In Count III, Plaintiff alleges a violation of Article I, Section 12 of the Constitution of the State of Florida.   (Doc. 28 at ¶¶ 69-78).

## II.   Applicable standards

Local Rule 4.04 provides in part that "[w]ithin ninety (90) days following the filing of the initial complaint in such an action, unless the time is extended by the Court for cause shown, the named plaintiff or plaintiffs shall move for a determination under Rule 23(c)(1) as to whether the case is to be maintained as a class action."   M.D. Fla. R. 4.04(b).   A district court has the authority to apply local rules prescribing a deadline for filing a motion for class certification and to sanction a plaintiff for noncompliance with the local rules.   *Martinez-Mendoza v. Champion Int'l Corp.*, 340 F.3d 1200, 1216 n.38 (11th Cir. 2003).

Coupled with Local Rule 4.04(b)'s time requirement is also the procedural requirements of Rule 23.   *See* Fed. R. Civ. P. 23.   Specifically, Rule 23(c) provides, that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."   Fed. R. Civ. P. 23(c)(1)(A).   A timely motion for class certification is premised on "'sound practical considerations' including preservation and protection of the putative class members' claims."   *Seyboth v. Gen. Motors Corp.*, No. 8:07-CV-2292-T-27TBM, 2008 WL 1994912, at *2 (M.D. Fla. May 8, 2008) (citing *Jones v. Hartford Ins. Co. of Midwest*, 243 F.R.D. 694, 695 (N.D. Fla. 2006)).   Although an untimely request for class certification is not a bar to the maintenance of a class action because the trial court is "independently obligated" to decide whether an action should be brought as a

class action, the Supreme Court has held that failing to move for class certification "is a direct assault on the merits of the request for class certification." *Jones v. Hartford Ins. Co. of Midwest*, 243 F.R.D. 694, 696 (N.D. Fla. 2006) (citing *E. Texas Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 405 (1977); Fed. R. Civ. P. 23(a)(4)).   Delays in filing a motion for class certification impede a court's ability to resolve the issues of class certification and may prejudice the rights of the putative class members.   *Jones*, 243 F.R.D. at 695 (quoting *Williams v. S. Bell Tel. & Tel. Co.*, No. 77-1895-CIV-WMH, 1978 WL 73, at *2 (S.D. Fla. Apr. 4, 1978)). Further, even if a defendant is not prejudiced by the delay, "the public business of the court . . . has been hampered and delayed."   *Jones*, 243 F.R.D. at 696.

Pursuant to Rule 6(b), to determine whether an extension of an expired deadline is warranted, a court must consider whether a "party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).   "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."   *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993).   Additional considerations to determine if the neglect was excusable are:   (1) whether the opposing party was prejudiced by the delay; (2) the length of the delay and its impact on the case; (3) the reason for the delay, including whether the delaying party showed good faith; and (4) whether the delay was within the reasonable control of the delaying party.   *Blanton v. Univ. of Fla. ex rel. Bd. of Trs. of Univ. of Fla.*, No. 2:05-CV-421-FTM34SPC, 2008 WL 928114, at *2 (M.D. Fla. Apr. 4, 2008).   The Undersigned will consider each of these factors in turn.

### III. Analysis

Defendant argues that Plaintiff failed to comply with Local Rule 4.04(b) by failing to meet the deadline to file a motion for class certification. Defendant claims that the original Complaint (Doc. 1) was filed on May 12, 2015, and the deadline to file a motion for class certification lapsed on August 12, 2015. Plaintiffs assert that the deadline to file a motion for class certification was April 1, 2016, and she filed a Motion for Conditional Class Certification (Doc. 54) within this deadline. Further, Plaintiff contends that Defendant will suffer no prejudice by a delay in the filing of the Motion for Conditional Class Certification.

### A. Prejudice to opposing party due to delay, length of delay, and impact on the case

Plaintiff asserts that Defendant failed to argue that he was prejudiced by the delay in filing a motion for class certification. (Doc. 62 at 3). Defendant does not specifically use the term "prejudice" in the Motion. Rather, Defendant argues that the nearly seven (7) month delay violates the time limit found in Local Rule 4.04(b) and is contrary to case law requiring a class determination at an early practicable time. (Doc. 52 at 3).

Courts have stricken class certification allegations in a complaint for failure to timely file a motion for class certification absent excusable neglect. *See Seyboth v. Gen. Motors Corp.*, No. 8:07-CV-2292-T-27TBM, 2008 WL 1994912, at *1 (M.D. Fla. May 8, 2008). To establish excusable neglect, a plaintiff must provide an explanation showing good cause for the delay and for the excuse in failing to immediately move for an extension of time or for class certification. *Id*. For example, failure to correctly calendar the deadline to file a motion for class certification, absent more, is not excusable neglect. *Id*.; *see also Wilcox v. Taco Bell of Am., Inc.*, No. 8:10-CV-2383-T-33MAP, 2011 WL 3444261, at *1 (M.D. Fla. Aug. 8, 2011) (court found failure to immediately remedy lack of a timely motion for class certification, and instead requesting

additional time, did not constitute excusable neglect); *Seyboth*, 2008 WL 1994912, at *2 (court found no excusable neglect in failure to comply with the deadline in Local Rule 4.04(b) coupled with a requested four (4) month extension to file a motion for class certification). A plaintiff's "failure to timely pursue discovery and timely file (or move for an extension to file) the motion for class certification calls into question plaintiff's ability to adequately protect the interests of the class." *Seyboth*, 2008 WL 1994912, at *2. A delay in filing a motion for class certification does affect the scheduling deadlines in the case. *See Jones*, 234 F.R.D. at 695.

To determine whether the actual delay in this case caused prejudice, the Court considers the procedural history of the case. On May 12, 2015, Plaintiff filed the original Complaint. (Doc. 1). Pursuant to Local Rule 4.04(b), Plaintiffs were required to file a Motion for Class Certification by August 12, 2015. By this deadline, Plaintiff failed to file either a motion for class certification or a motion to extend the deadline.

On July 6, 2015, Plaintiff filed an Amended Complaint (Doc. 17). A Motion to Dismiss Plaintiff's Amended Complaint (Doc. 22) was filed on July 20, 2015. On September 8, 2015, the Presiding Judge entered an Order (Doc. 27) granting in part and denying in part the Motion to Dismiss Amended Complaint, dismissing the claim for negligence. Plaintiff filed a Second Amended Complaint (Doc. 28) on September 17, 2015.

While a better practice would have been to file a motion to extend the Local Rule 4.04(b) deadline, the Court recognizes that prior to the ruling on the Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 16), filing a motion for class certification might have been premature. *See Calderone v. Scott*, No. 2:14-CV-519-FTM-29CM, 2015 WL 4395623, at *5 (M.D. Fla. July 16, 2015) (court found that filing a motion for class certification prior to a ruling on a dispositive motion would be premature, and allowed a late-filed motion for

class certification).   Until the causes of action are decided, Plaintiff could not reasonably be expected to determine which causes of action would remain viable for the purposes of seeking class certification.  *See Id*.   However, the Second Amended Complaint was filed on September 17, 2015, and Plaintiff failed to file a motion for class certification within ninety (90) days from the date the Second Amended Complaint was filed.   While after the deadline, Plaintiff did file a Motion for Conditional Class Certification and to Permit Notification be Sent to Putative Class Members (Doc. 54) on March 17, 2016, and a Motion to Excuse Missed Deadline (Doc. 63) on April 15, 2016.

To determine the impact of the delay, the Court reviews the Case Management and Scheduling Order (Doc. 20) entered on July 13, 2015.   In the Case Management and Scheduling Order (Doc. 39), the Presiding Judge set the following deadlines:   motions to add parties or to amend pleadings – April 1, 2016; discovery deadline – August 1, 2016; dispositive motions deadline – September 1, 2016; final pretrial conference – December 16, 2016; and a trial term beginning on January 3, 2017.   (Doc. 20 at 1-2).   Although filed after the deadline in Local Rule 4.04(b), Plaintiff has filed a Motion for Conditional Class Certification (Doc. 54), and it was filed five (5) months prior to the discovery deadline, and prior to the deadline to add parties and amend pleadings.   Defendant has not specifically articulated prejudice beyond the length of the delay and, based on the scheduling dates in the case, the Undersigned finds no prejudice due to this delay.

### B. Reason for delay including good faith, delay within reasonable control of Plaintiffs

Turning to the reason for the delay, Plaintiff claims that she believed the deadline to file a motion for class certification was the same deadline as the deadline to file an amended pleading or to add parties, which in this case was April 1, 2016.   Plaintiff argues that the deadline for

motion for class certification was discussed at the Preliminary Pretrial Conference held on July 13, 2015. However, neither the minute entry nor the Case Management and Scheduling Order (Doc. 20) provided a deadline to file a motion for class certification, and neither party has provided a transcript of that hearing. Plaintiff's counsel filed an Affidavit (Doc. 60-1) asserting that he knew of the deadline in Local Rule 4.04(b). (Doc. 60-1 at ¶3). However, after the Preliminary Pretrial Conference, he believed the deadline to file a motion for class certification was April 1, 2016, the same deadline to add parties or amend pleadings. *Id*. at ¶ 3-4. The delay in filing a motion for class certification was unquestionably in the control of Plaintiff.

Defendant argues that the belief that the deadline to add parties or amend pleadings would be the deadline to file a motion for class certification is nonsensical. Defendant argues that there is no deadline set forth in the Case Management and Scheduling Order for filing a motion for class certification and, thus, the Local Rule 4.04(b) deadline should control.

From the Affidavit of Plaintiff's counsel, it is clear that Plaintiff's counsel had a good-faith belief – albeit an erroneous one – that the deadline to file a motion for class certification was April 1, 2016. Moreover, Plaintiff met that deadline by filing the Motion for Conditional Class Certification (Doc. 54) by that deadline. Additionally, Plaintiff actually filed not only the Motion for Conditional Certification by this deadline, she also filed a Motion to Excuse the Missed Deadline (Doc. 63). Even though the delay was within the control of Plaintiff, the Undersigned finds that Plaintiff has shown good cause for the delay in filing a motion for class certification. It warrants emphasis that excusable neglect is an "elastic concept" and is not limited to instances beyond the control of a party. *See Pioneer Inv. Servs. Co.*, 503 U.S. at 392. After consideration of the arguments, the Undersigned determines that Plaintiff has shown excusable neglect. Therefore, the Undersigned recommends that Plaintiff be permitted to file

the Motion for Conditional Class Certification and to Permit Notification Be Sent to Putative Class Members (Doc. 54) out of time.

### C. Strike Notices of Consent to Join

Defendant argues that Plaintiff improperly filed Notices of Consent to Join in this case. Defendant argues that Fed. R. Civ. P. 23 does not allow putative class member to opt-in to a class action, but rather must chose to opt-out as a class member.   Potential class members may choose to opt-out of a class action if filed pursuant to Fed. R. Civ. P. 23.  *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 950 n.3 (11th Cir. 2007).   Plaintiff does not object to striking the Notices of Consent to Join.   Therefore, the Undersigned recommends that the Notices of Consent to Join (Docs. 33, 34, 36, 37, 38, 39, 40, 41, 44, 45, 46, 47, and 49) be stricken for the reasons argued by Defendant.

**IT IS RESPECTFULLY RECOMMENDED:**

1) The Motion to Strike Plaintiff's Class Action Allegations (Doc. 52) be **DENIED**

2) The Motion to Strike Notices of Consent to Joinder (Doc. 52) be **GRANTED**, and the Notices of Consent to Join (Docs. 33, 34, 36, 37, 38, 39, 40, 41, 44, 45, 46, 47, and 49) be **STRICKEN**.

3) The Motion to Excuse Missed Deadline (Doc. 63) be **GRANTED**, and that the District Court accept the Motion for Conditional Class Certification and to Permit Notification Be Sent to Putative Class Members (Doc. 54) as filed.

4) The Clerk of Court be directed to indicate on the docket that the Notices of Consent to Join (Docs. 33, 34, 36, 37, 38, 39, 40, 41, 44, 45, 46, 47, 49) are stricken.

Respectfully recommended in Chambers in Ft. Myers, Florida on June 16, 2016.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties